IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 98-40323
Conference Calendar

RACHAEL M. BROADWAY,

                                    Plaintiff-Appellant,

versus

DONALD G. SINEX ET AL.,

                                    Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:97-CV-455
- - - - - - - - - -
December 9, 1998

Before DAVIS, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Rachael Broadway, proceeding pro se, appeals the district
court's grant of defendants' motions to dismiss and the denial of
her motion for a default judgment.  Broadway filed a civil rights
action against the oil companies who were defendants in her
state-court suit asserting title to property, the attorneys who
represented the oil companies, two attorneys who were expert
witnesses in the case, two state trial-court judges who presided
over the case, three state appellate-court judges who affirmed

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the trial court's summary judgment, and the state appellate-court clerk of court.

Broadway argues that the state-court judges were not entitled to judicial immunity and that she was entitled to a default judgment. Broadway does not raise an argument challenging the dismissal of her claims against the private defendants or the state appellate clerk of court, and we consider these arguments abandoned. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Broadway's suit against the state-court judges involves the judges' rulings while presiding over the case which was properly before them, for which the judges are absolutely immune from civil suit. See Mitchell v. McBryde, 944 F.2d 228, 230 (5th Cir. 1991). Dismissal of Broadway's suit was thus proper.

The record indicates that the defendants filed motions to transfer the suit and motions to dismiss the suit before Broadway filed a motion for a default judgment. Broadway was not entitled to a default judgment. See McCorstin v. United States Dep't of Labor, 630 F.2d 242, 244 (5th Cir. 1980). Broadway also argues that the state Attorney General has joined the conspiracy to deprive Broadway of property by representing the state judges and the state appellate clerk of court. The state Attorney General is not named as a defendant in Broadway's suit. We do not have jurisdiction to address a claim against someone for whom there is no judgment from the district court.

Broadway filed a document entitled "Constitutional Question," in which she states that she is notifying the court as

required by Fed. R. App. P. 44, which requires a notice to this court of a constitutional challenge to a federal statute. Broadway's appeal does not raise a constitutional challenge to a federal statute, and the notice is unnecessary.

AFFIRMED.